IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KING-JOSEPH: PENSON II,  § | |
| § | |
| Plaintiff,  § | |
| § | |
| VS.  § | Civil Action No. 3:25-CV-2909-D |
| § | |
| CAPITAL ONE, N.A.,  § | |
| § | |
| Defendant.  § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity action, plaintiff King-Joseph: Penson II ("Penson") moves to remand the case to state court, contending that defendant Capital One, N.A. ("Capital One") has failed to meet its burden of establishing that the amount in controversy satisfies the amount in controversy requirement. For the reasons that follow, the court grants Penson's motion and remands this case to state court.*

I

On January 28, 2025 Penson mailed Capital One a document entitled "Legal Notice and Demand" ("Notice"). The Notice states that the United States government has established a trust in Penson's name and that Penson has unknowingly been forced to function as the manager of the trust. The Notice declares that Penson "revokes all permissions to the Government and/or any political subdivisions/Organizations to use [the]

---

*Penson also moves to stay all Fed. R. Civ. P. 26(f) obligations pending the resolution of his motion to remand, and Capital One moves for Rule 12(b)(6) dismissal. Because the court is granting Penson's motion to remand, it declines to reach these motions.

. . . trust in any fashion except by explicit written request/order in direction otherwise." Pet., Ex. A at 2 (bold font omitted).

The Notice also purports to impose obligations on the recipient (Capital One), and outlines "billing costs assessed with levies and liens and or tort upon violations." *Id.* at 4 (citation modified). These "billing costs" range from $200,000 to $5,000,000 per day. The Notice states that "[v]iolation of this Notice will be considered criminal trespass and will be subject to a [$2,000,000] penalty plus damages . . . ." *Id.* at 5. The Notice declares that Capital One is required to rebut the statements in the Notice within 30 days, and that the "[f]ailure to timely rebut the statements and warnings herein constitute your complete, tacit agreement with all the statements and warnings herein." *Id.* at 6.

When Capital One did not respond within 30 days, Penson filed an action for breach of contract in Texas state court. Capital One then removed the case to this court based on diversity of citizenship. Penson, in turn, moved to remand the case, contending that his petition seeks only declaratory relief. Capital One opposes the motion, which the court is deciding on the briefs, without oral argument.

II

Capital One, as the removing party, has the burden of demonstrating that this court has jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The court determines whether jurisdiction exists by examining the claims in the state court petition "as they existed at the time of removal." *Id.* "Any ambiguities are construed against removal because the removal statute should be

- 2 -

strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Here, the question is whether Capital One has met its burden to prove by a preponderance of the evidence that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

If the plaintiff's state court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). But where, as here, the plaintiff's state court petition does not state the amount in controversy, and the plaintiff contests the notice of removal's alleged amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been satisfied. *See id.* at 88-89; *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). The defendant's burden "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotation marks omitted).

In an action for declaratory judgment, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *Allstate*, 71 F.4th at 352 (quoting *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998)). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

III

Capital One has failed to meet its burden to establish by a preponderance of the evidence that the amount in controversy meets the minimum jurisdictional requirement. Capital One contends that, because the Notice contains a $2 million penalty for violations, the amount in controversy is at least $2 million. But it is not apparent from the face of the petition that Penson is seeking monetary relief under the Notice's penalty provisions. The court must look, instead, to the value of the right for which Penson seeks protection, or the property, if any, underlying the Notice. *See Sims v. AT & T Corp.*, 2004 WL 2964983, at *3 (N.D. Tex. Dec. 22, 2004) (Fitzwater, J.) ("The correct perspective for measuring the amount in controversy is '[t]he value *to the plaintiff* of the right to be enforced or protected.'" (alteration and emphasis in original) (quoting *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)).

Capital One has made no allegation regarding these values. *See Bey v. DiNello*, 2023 WL 2520584, at *7 (E.D. Tex. Feb. 21, 2023) ("[T]he Court cannot discern the value of this litigation from the pleadings to confirm that the amount in controversy is met, given the absence of factual allegations related to the . . . subject property in the complaint."), *rec. adopted*, 2023 WL 2499917 (E.D. Tex. Mar. 14, 2023). The court acknowledges the inherent difficulty in calculating these values given the ambiguity of the obligations that the Notice purports to impose on Capital One. But because Capital One has the burden of establishing that removal was proper, *Manguno*, 276 F.3d at 723, and because the court must construe ambiguities in favor of remand, *id.*, the court must grant Penson's motion to remand

- 4 -

this case.

*   *   *

For the reasons explained, the court grants Penson's motion to remand and remands this case to the 422nd Judicial District of Kaufman County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

December 22, 2025.

_____<br>
SIDNEY A. FITZWATER<br>
SENIOR JUDGE